# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AZADIAN GROUP, LLC, a     (
Delaware limited liability company,   (
      (
    Plaintiff,       (
      (
    v.       (
      (    C.A. No. N19C-04-235 CLS
TENX GROUP, LLC, a Delaware   (
limited liability company, JAMES   (
V. PUNELLI, individually, and    (
RAYMOND C. JONES,      (
individually,       (
      (
    Defendants.       (

Date Submitted: September 24, 2019
Date Decided: November 4, 2019

*Upon Defendants James V. Punelli and Raymond C. Jones's*
*Motion to Dismiss*
**Denied.**

Samuel L. Moultrie, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware, Attorney for Plaintiff.

Steven T. Margolin, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware, Attorney for Plaintiff.

Tracy L. Pearson, Esquire, Dunlap, Bennett & Ludwig, PLLC, Wilmington, Delaware, Attorney for Defendants.

**SCOTT, J.**

1

Before the Court is a Motion to Dismiss from Defendants TenX Group, LLC, James V. Punelli, and Raymond C. Jones. On September 20, 2019, TenX Group, LLC—now known as Panthera Enterprises, LLC—filed a Suggestion of Bankruptcy with this Court. Accordingly, the proceedings against Panthera Enterprises, LLC/TenX Group, LLC are STAYED.

For the following reasons, Defendants James V. Punelli's and Raymond C. Jones's ("Defendants") motion to dismiss is DENIED.

## Background

On April 25, 2019, Plaintiff Azadian Group, LLC ("Plaintiff") filed this action against Defendants, alleging breach of contract. On December 20, 2018, the parties entered into a Settlement Agreement. Plaintiff alleges Defendants failed to pay $86,829.00 on or before January 30, 2019, as required by the Settlement Agreement.

## Parties' Assertions

On May 23, 2019, Defendants filed this motion to dismiss for insufficient service of process pursuant to Superior Court Rule of Civil Procedure 12(b)(5). Defendants argue that Plaintiff did not properly serve process because process was sent via certified mail when the Settlement Agreement required Plaintiff to serve process via Federal Express. Defendants further argue that the service of process is invalid under Delaware law because there was no signed receipt from Defendants or any person authorized to accept service on behalf of Defendants.

2

On June 21, 2019, Plaintiff filed its response to Defendants' motion. Plaintiff argues that Defendants expressly waived their right to complain about service of process in Paragraph 6 of the Settlement Agreement. Plaintiff also points out that Defendants did not argue that they have been prejudiced in any way because they were served via certified mail instead of via Federal Express. Plaintiff further argues that Defendants' argument is moot because Plaintiff served Defendants via Federal Express on June 5, 2019. Finally, Plaintiff contends that Defendants cannot claim that the service of process was insufficient under Delaware law because Plaintiff served Defendants at the address at which they contracted to be served.

## Standard of Review

A defendant may file a motion to dismiss pursuant to Superior Court Rule of Civil Procedure 12(b)(5) if a plaintiff fails to properly serve process on that defendant. Under Delaware's long-arm statute, 10 *Del C.* § 3104, service of process may be made "by any form of mail addressed to the person to be served and requiring a signed receipt."[1] Under § 3104, proof of service may be made by affidavit of the individual who made the service.[2] If service is made by mail, proof of service "shall include" either a receipt signed by the addressee or "other evidence of personal delivery to the addressee satisfactory to the court."[3]

---

[1] 10 *Del. C.* § 3104(d)(3).
[2] *Id.* § 3104(e).
[3] *Id.*

3

## Discussion

### A. Defendants Suffered No Prejudice

Defendants were properly served. On May 23, 2019, counsel for Plaintiff filed an affidavit with this Court. In the affidavit, Plaintiff's counsel affirmed that he caused to be delivered by certified mail the Summons and Complaint upon Defendants.[4] According to the attached USPS tracking information, the process was delivered to Defendants on May 6, 2019.[5] A signed receipt for the process served on James V. Punelli has also been provided to the Court.[6]

Defendants were not prejudiced by Plaintiff's failure to first serve Defendants via Federal Express. Plaintiff properly served Defendants under § 3104. Defendants timely filed this motion to dismiss.[7] Thus, Plaintiff's alleged failure caused Defendant to suffer no prejudice in the current proceedings before this Court.

### B. Plaintiff Cured any Potential Defect in Service of Process

Plaintiff served Defendants in accordance with Paragraph 19 of the Settlement Agreement within the time frame that this Court requires for service of process. In

---

[4] Aff. of Mailing of Samuel L. Moultrie ¶¶ 3–4, May 23, 2019.
[5] Aff. of Mailing of Samuel L. Moultrie Ex. C, Ex. E, May 23, 2019.
[6] Aff. of Mailing of Samuel L. Moultrie Ex. C, May 23, 2019.
[7] *See* Super. Ct. Civ. R. 12(a) (requiring a defendant serve an answer within 20 days after service of process); *Universal Capital Management, Inc. v. Micco World, Inc.*, 2011 WL 2347612, at *4 (Del. Super. June 2, 2011) (noting that although there was no return receipt card for the service of process, the defendant timely filed its motion to dismiss and that was evidence of sufficient service).

4

Paragraph 19 of the Settlement Agreement, the parties agreed that "any . . . process . . . shall be deemed to have been properly served if mailed by Federal Express . . . ."[8] Under Superior Court Rule of Civil Procedure 4(j), a plaintiff must serve process on a defendant within 120 days of the date the plaintiff filed his or her complaint.[9] Defendants were served with process via Federal Express on June 15, 2019,[10] well within 120 days from the date Plaintiff filed its complaint.[11] Thus, Plaintiff has cured any potential defect in the service of process.

## C.     Denying Defendants' Motion to Dismiss avoids an Absurd Result

In the Settlement Agreement, Defendants expressly agreed to waive any defenses to service of process and to not seek dismissal of any action Plaintiff might file against Defendants. When a contract is clear and unambiguous, this Court will give effect to the plain meaning of the contract's terms and provisions.[12] This Court respects the principle of "freedom of contract" and will enforce the voluntary agreements of sophisticated parties;[13] even if those agreements include a waiver of

---

[8] Compl. Ex. A.
[9] Super. Ct. Civ. R. 4(j).
[10] Aff. of Service of Samuel L. Moultrie ¶¶ 3–4, Ex. F, Ex. I, June 7, 2019.
[11] Plaintiff filed its complaint on April 25, 2019. Plaintiff had until August 23, 2019—120 days from April 25, 2019—to serve the Summons and Complaint on Defendants. Plaintiff served Defendants via Federal Express on June 5, 2019.
[12] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159–60 (Del. 2010).
[13] *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *8 (Del. Super. June 6, 2012).

5

claims or defenses.[14] In Paragraph 6 of the Settlement Agreement, Defendants agreed to "waive any and all available defenses with regard to service of process."[15] In Paragraph 7 of the Settlement Agreement, Defendants also agreed "not to contest, dispute or otherwise oppose or seek dismissal" of an action Plaintiff may file in a court of law.[16] The terms of the Settlement Agreement are clear and unambiguous. Defendants waived their ability to complain about service of process and their ability to seek dismissal of Plaintiff's claims. To find otherwise would produce an absurd result which contravenes both the laws of Delaware and the provisions of the Settlement Agreement.

Finally, Defendants argue that Plaintiff did not properly serve them because process was not delivered to Defendants individually or to their registered agent. Again, this Court reiterates that: 1) Plaintiff properly served Defendants under Delaware's long-arm statute; 2) Defendants suffered no prejudice from any alleged failure of Plaintiff; and 3) Defendants waived their ability to assert such a defense. In addition, Paragraph 19 of the Settlement Agreement asserts that process shall be served on Defendants at the following address:

215 Dupont Court SE
Leesburg, VA 20175.[17]

---

[14] *See Great Lakes Chemical Corp. v. Pharmacia Corp.*, 788 A.2d 544, 555–56 (Del. Ch. 2001) (enforcing plaintiff's contractual waiver of its right to claim fraud).
[15] Compl. Ex. A.
[16] Compl. Ex. A.
[17] Compl. Ex. A.

Plaintiff served process on Defendants at 215 Dupont Court SE both by certified mail and also by Federal Express. Defendants cannot now complain that Plaintiff served them at this address when the parties agreed that Defendants would be served at this address. Indeed, Defendants cannot claim that Plaintiff served process insufficiently by failing to serve process via Federal Express and then also claim that the remaining provisions of the "alleged Settlement Agreement"[18] do not matter. This Court reads a contract in its entirety and enforces all of its provisions;[19] therefore, this Court will read the Settlement Agreement in its entirety and enforce all of its provisions. Service upon Defendants at 215 Dupont Court SE was proper.

### Conclusion

Defendants were properly served with process under Delaware law and under the provisions of the Settlement Agreement. Accordingly, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.

---

[18] Defendants refer to the Settlement Agreement as the "alleged Settlement Agreement" throughout their motion. Defs. TenX Group LLC's, James V. Punelli's and Raymond C. Jones' Br. in Supp. of their Mot. to Dismiss.
[19] See Troumouhis v. Dep't of Transp., 2006 WL 1579776, at *4 (Del. Super. May 31, 2006) ("All provisions within the contract must be given effect so the contract is interpreted as a whole.").